By the Court.
The pleadings in this case, to say the-least, should not be adopted as precedents. Taking them *130 as they are, however, we are of opinion, that, upon the real issue as made, the burden of proof was upon the plaintiff below. It was necessary for him to prove that the money had and received by the defendants, came to them under such circumstances as would raise a promise on their part to pay the same to him. Such state of facts is not admitted by the answer. We do not regard the statements contained in the answer as matter in confession and avoidance, but rather as a statement of facts, showing the allegations in the petition to be untrue.
If, upon the trial, the plaintiff had offered testimony tending to show that defendants had received the money for his use, they might have defended successfully, by showing that they received it, as payment in advance, upon a contract for the sale of hogs by them to the plaintiff; and that they had ever been ready and willing to perform the contract on their part, according to its terms. On such a state of the case, it would have been wholly immaterial whether the plaintiff had or had not violated the contract on his part. The court, therefore, erred in charging the jury, that “ the defendants having admitted in their answer that they have received the two thousand dollars, and that the plaintiff has broken the contract upon which said sum of money was received by them, the burden of proof is on the defendants to satisfy you by a fair preponderance of the testimony that the plaintiff committed a breach of the contract, if you find that one was made.”
The right of the plaintiff' to recover in the action would not necessarily have been defeated by a finding by the jury, that the money was paid by plaintiff to the defendants on their contract to deliver hogs at a future day. The question would have then been open to the plaintiff to show that the contract had been rescinded, or that the defendants had wholly failed to perform on their part.
It is contended, however, for the defendant here, that the judgment should not be disturbed on account of this error in the charge, because the testimony (the whole of which Is set out in the record) shows, as it is claimed, that the *131 verdict was clearly right. In answer, it is enough to say that the plaintiffs in error are entitled to have the issues of fact in the case determined by a jury properly instructed as to the burden of proof.

Motion granted, judgment reversed, and cause remanded.